UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                           )
                                                 )
                                                 )
                                                 )   Case No. 09 BK 20440
         ASCENCIO, EFRAIN                        )
         SANTOS, MARIBEL                         )
                                                 )
                                                 )   Chapter 7
              Debtors.                           )
                                                 )

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF THOMAS E SPRINGER, ATTORNEY FOR CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $10,397.50 | TOTAL COSTS REQUESTED: | $219.70 |
| TOTAL FEES REDUCED: | $315.00 | TOTAL COSTS REDUCED: | $29.90 |
| TOTAL FEES ALLOWED: | $10,082.50 | TOTAL COSTS ALLOWED: | $189.80 |

### TOTAL FEES AND COSTS ALLOWED: $ 10,272.30

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(2)    **Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

(3)    **Reimbursement Limited to Actual, Necessary Expenses**

The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

(7)     **Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

(8)     **Trustee Work Can Not Be Compensated As Professional Services**

"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation." *Boldt v. United States Trustee (In re Jenkins)*, 130 F.3d 1335, 1341 (9th Cir. 1997) (quoting *In re Prairie Cent. Ry. Co.*, 87 B.R. 952, 959 (Bankr. N.D. Ill. 1988)).

Dated: September 15, 2015

Eugene R. Wedoff
United States Bankruptcy Judge

## ATTORNEY TIME

| DATE | DESCRIPTION | HOURS | AMOUNT | ATTORNEY |
|---|---|---|---|---|
| 1/15/10 | Email to trustee regarding discussion with debtor's counsel and initially undisclosed personal injury claim. Review of potential merits of claim and likely distribution to estate. Request for reopening and investigation of administration of assets. | 0.5 | $200.00 | TES |
| 1/15/10 | Telephone conference with Trustee regarding discussion and communication with debtor's counsel and personal injury counsel, status of case | 0.3 | $120.00 | TES |
| 1/19/10 | Receipt of letter and confirmation Trustee regarding reopening of case and reappointment of Trustee. | 0.1 | $40.00 | TES |
| 2/11/10 | Prepare notice and Motion to Employ General Counsel on behalf of Trustee. | 0.8 | $320.00 | TES |
| 2/16/10 | Prepare notice and Motion to Employ Special Counsel, K. Nix. | 0.8 | $320.00 | TES |
| 2/23/10 | Motions for Employment of Springer Brown as General Counsel and K. Nix and Special Counsel. Orders Entered | 0.5 | $200.00 | TES |
| 3/16/12 | Confirmation to Trustee of status of case and posture of personal injury action by proposed special counsel. | 0.3 | $120.00 | TES |
| 3/30/12 | Receipt and review of correspondence from Trustee including update and status letter from special counsel to debtor for personally injury/workers compensation claim. Follow up contact with special counsel. | 0.6 | $240.00 | TES |
| 3/30/12 | Response with status to Trustee upon inquiry regarding personal injury/workers comp claim. | 0.2 | $80.00 | TES |
| 8/14/12 | Email with update to trustee on status of personal injury/ workers comp claim. | 0.2 | $80.00 | TES |
| 11/14/12 | Letter to special counsel regarding status and request for potential mediation and administrative status of bankruptcy estate. Copy to Trustee. | 0.4 | $160.00 | TES |
| 11/16/12 | Letter to C. Webster, special counsel firm, requesting mediation on personal injury case. | 0.2 | $75.00 | EAB |
| 11/20/12 | Telephone Conference with T. O'Hara, special counsel, on status of MSJ and settlement options. | 0.3 | $112.50 | EAB |
| 11/21/12 | Update to Trustee regarding status of underlying case. | 0.2 | $80.00 | TES |
| 11/23/12 | Confirmation from Trustee regarding letter request and status. | 0.1 | $40.00 | TES |
| 12/10/12 | Request for status from Trustee and response | 0.1 | $40.00 | TES |
| 1/7/13 | Request for status and discussion regarding case with Trustee. | 0.2 | $80.00 | TES |

Handwritten annotations in right margin:
- ⑧ d = $160
- ① ② d = $40
- ① ② d = $40
- d = $240

**Exhibit A**

**ATTORNEY TIME**

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| 5/1/13 | Telephone conference with T. O'Hara on post-hearing status of MSJ; email to Neville with current status of MSJ. | 0.5 | $187.50 | EAB |
| 5/9/13 | Status update to Trustee regarding mediation and mandatory arbitration and follow up discussion with special counsel. | 0.3 | $120.00 | TES |
| 6/27/13 | Telephone conference with T. O'Hara, special counsel, on issues with MSJ and ongoing discovery; email to Neville on status of state court case. | 0.4 | $150.00 | EAB |
| 9/11/13 | Telephone conference with C. Webster, special counsel, regarding status of PI suit. | 0.2 | $75.00 | EAB |
| 9/12/13 | Telephone conference with M. Lundblad regarding PI's desire to discuss settlement; email to M. Lundblad with scheduled debt for settlement discussions. | 0.4 | $150.00 | EAB |
| 10/14/13 | Update discussion with Trustee regarding status of case and new counsel for debtor/plaintiff in workers compensation/personal injury claim. | 0.2 | $80.00 | TES |
| 10/15/13 | Email communication with special counsel and follow up directive from Trustee. Confirmation receipt. | 0.3 | $120.00 | TES |
| 12/10/13 | Update status to Trustee regarding case. | 0.2 | $80.00 | TES |
| 3/25/14 | Telephone Conference with special counsel regarding status update and potential mediation/arbitration, settlement negotiations. | 0.5 | $200.00 | TES |
| 3/25/14 | Email confirmation to special counsel regarding status of case. Copy to Trustee. Confirmation received by Trustee. | 0.2 | $80.00 | TES |
| 6/10/14 | Receipt and review of correspondence from special counsel M. Lundblad regarding status of case, mediation/arbitration of settlement negotiations. Copy with status update to Trustee. | 0.5 | $200.00 | TES |
| 7/23/14 | Communication from special counsel regarding schedule pre-trial conference on 7/29/14. | 0.2 | $80.00 | TES |
| 7/23/14 | Email communication with special counsel regarding status of case and impending pre-trial. Follow up with copy of special claims register to special counsel for analysis. Conformation of same and copy to Trustee. | 0.6 | $240.00 | TES |
| 7/28/14 | Telephone Conference with special counsel regarding status of case and impending mediation. Availability of Trustee General Counsel and Trustee for communication during mediation regarding settlement possibilities. | 0.5 | $200.00 | TES |
| 9/9/14 | Email inquiry regarding status of case to special counsel. | 0.1 | $40.00 | TES |
| 10/13/14 | Inquiry regarding status from Trustee and response. | 0.2 | $80.00 | TES |

**Exhibit A**

## ATTORNEY TIME

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| 11/19/14 | Letter from special counsel regarding status and settlement negotiations. Report and forward same to Trustee. | 0.3 | $120.00 | TES |
| 11/24/14 | Communication with/to Trustee regarding potential settlement terms. Confirmation of acceptance for same for the estate. Forward same to special counsel. | 0.3 | $120.00 | TES |
| 12/5/14 | Inquiry from special counsel regarding totality of claims universe. Response and set up of conference with special counsel. | 0.2 | $80.00 | TES |
| 12/6/14 | Telephone Conference with special counsel regarding status of estate, totality of claims universe and affect on pending settlement discussion. | 0.5 | $200.00 | TES |
| 12/8/14 | Inquiry regarding settlements status from Trustee. Review of file and break down of potential and likely distribution based on recent settlement terms. Copy to Trustee and special counsel. | 1.0 | $400.00 | TES |
| 1/6/15 | Inquiry forward to special counsel and response to and from Trustee regarding status on settlement. Likely time table for receipt of funds. Update on motion for approval before bankruptcy court. | 0.4 | $160.00 | TES |
| 1/22/15 | Telephone conference with J. O'Donnell- info needed for Motion for approval of settlement; worked on motion to approve compromise and agreement | 1.9 | $712.50 | EAB |
| 1/26/15 | Worked on motion for approval of settlement; reviewed settlement agreement; emails to and from J. O'Donnell requesting additional information on mediation. | 2.1 | $787.50 | EAB |
| 1/27/15 | Worked on motion to compromise and settlement agreement; telephone conference with J. O'Donnell on Settlement Agreement; telephone conference with A. Masakaus on settlement agreement | 2.0 | $750.00 | EAB |
| 1/27/15 | Emails to Plaintiff and Defendants' attorneys regarding settlement agreement; emails to and from J. O'Donnell on fees and expenses; emails to and from A. Masaukas on workers comp lien. | 0.8 | $300.00 | EAB |
| 2/3/15 | Emails to and from M. O'Connor on need for notice of workers compensation lien; Review of Brustein expense detail; review of medical expenses detail; emails to and from M. O'Connor regarding lien information and discount. | 1.2 | $450.00 | EAB |
| 3/3/15 | Court Appearance motion to authorize settlement and compromise | 0.5 | $212.50 | DRB |
| 3/4/15 | Email to M. Lundblad with copy of 3/3/15 Order. | 0.2 | $75.00 | EAB |

⑦ d = $75

Exhibit A

d = $75

## ATTORNEY TIME

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| 3/4/15 | Telephone conference with J. O'Donnell about turnover of settlement checks; Telephone Conference with J. O'Donnell on exemption payment and final report; emails to and from Neville on turnover of checks. | 0.8 | $300.00 | EAB |
| 3/4/15 | Telephone conference with J. O'Donnell regarding monies to Debtor and final report | 0.3 | $112.50 | EAB |
| 3/5/15 | Worked on Motion for Approval and Payment of Special Counsel | 0.5 | $187.50 | EAB |
| 3/9/15 | Preparation of Motion for approval and Payment of Special Counsel Fees. | 1.0 | $375.00 | EAB |
| 4/1/15 | Court appearance on Motion to Approve Compensation for Special Counsel | 0.5 | $175.00 | JDG |
| 4/2/15 | Draft Final Fee Application as General Counsel to the Trustee | 1.4 | $490.00 | MMS |
| | **TOTALS** | 27.0 | $10,397.50 | |

d = $ 315

New Total = $ 10,082.50

**Exhibit A**

**EXPENSES**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 2/4/15 | Postage for Trustee's Motion to Approve Settlement and Compromise of Controversy Per Rule 9019. (26 letters at $1.61 each) | $41.86 |
| 2/4/15 | Copying cost $0.15/page, 23 pages, 26 copies. Mtn to App Sett. | $89.70 |
| 3/6/15 | Postage for Trustee's Motion for Approval and Payment of Special Counsel. (26 letters at $.69 each) | $17.94 |
| 3/6/15 | Copying cost $0.15/page, 8 pages, 26 copies. Motion for approval and payment of special counsel | $31.20 |
| 4/1/2015 | Parking for court appearance | $39.00 |
| | TOTAL | $ 219.70 |

*Handwritten annotations:* ③ (.10 × 23) 26 = 59.8 ; = 189.80

**Exhibit B**